## SUPREME COURT.

### TILLOU agt. SPARKS.

Where a defendant sued as a public officer obtains judgment upon a *report of referees,* he is entitled under the statute (2 *R. S.* 617, § 24) to double costs, the same as if judgment had been rendered upon a verdict.

*Held,* that the above mentioned statute, giving *double costs* to public officers, sued as such, was not intended to be and is not repealed by the Code. (*It would seem that the many decisions upon this subject reported in this work are about equally divided upon the question, whether this statute is repealed or not.*)

*Poughkeepsie Special Term, September,* 1854.

H. A. NELSON, *for plaintiff.*
J. F. BARNARD, *for defendant.*

DEAN, Justice.   The defendant, as a constable of the county of Dutchess, levied two executions against N. L. Shafer on personal property in his possession.   The plaintiff, claiming title to it, commenced an action against the defendant to recover possession of the property.   Defendant justified under the executions.   The cause was referred by consent of parties, and the defendant succeeded on the reference.

The defendant having been sued as a public officer, now applies to the court for double costs.   The plaintiff opposes the motion on two grounds.   *First.*  That the statute does not apply to cases where the defendant has judgment on a reference, and cites 19 *Wend.* 225, and Calkins agt. Williams, 1 *Code Rep. N. S.* 53.   The case cited from *Wendell* is not in point, as it is on a different section of the statute limiting double costs to cases wherein there is a *verdict.*   Here the defendant relies upon 2 *R. S.* 617, § 24, which gives a public

30

officer, sued as such, costs when a judgment is rendered for him, "upon verdict, demurrer, non-suit, non-pros., discontinuance of the plaintiff, or *otherwise.*" I am quite certain that judgment on the report of a referee is included within both the terms and intent of the statute. But the second objection, viz., that § 303, Code of 1852, has abolished all statutes giving double costs, is one on which I have entertained very great doubt, and which I fear cannot be settled without the interference of the legislature. I have examined with care the various and conflicting decisions which have been made on this subject, but have been unable to find any one which satisfies my mind that there was any intention on the part of the commissioners of the Code, or the legislature that adopted it, to alter the rule which gives the public officers a protection against unfounded actions for official conduct. I do not regard the section of the revised statutes to which I have referred as a statute "regulating or establishing the costs or fees of attorneys." These were regulated and established by another statute; and then this provision, for the benefit, not of the attorney, but the party, 2 *R. S.* 617, § 24, 25, is introduced.

As the question on both sides has been quite fully discussed by different judges, I shall content myself with merely stating as I have, the conclusion to which I have arrived, without going at any length into the reasons which have led to it. Motion granted, with $10 costs.